UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENGLING MIAO,<br><br>                    Petitioner,<br><br>        v.<br><br>CHRISTOPHER CHESTNUT, Warden,<br>California City Correctional Facility; TODD<br>LYONS, Acting Director, Immigration and<br>Customs Enforcement, U.S. Department of<br>Homeland Security; KRISTI NOEM, in her<br>Official Capacity, Secretary, U.S.<br>Department of Homeland Security; and<br>PAMELA BONDI, in her Official Capacity,<br>Attorney General of the United States,<br><br>                    Respondents. | No.  1:26-cv-01271-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Pengling Miao is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issue raised by claim two of the petition—that the Due Process Clause requires a pre-deprivation bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is then re-detained on the ground that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 6.  Although respondents maintain their position that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), they also now argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).  *See* Doc. 10 at 2–3.

Section 1226(c)(1)(A) provides that the "Attorney General shall take into custody any alien who [] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title."  8 U.S.C. § 1226(c)(1)(A).  Section 1182(a)(2)(D)(i) provides that "[a]ny alien who . . . has engaged in prostitution within 10 years of the date of application for a visa, admission, or adjustment of status . . . is inadmissible."  8 U.S.C. § 1182(a)(2)(D)(i).  Respondents argue that petitioner was arrested on a misdemeanor charge engaging in prostitution, under California Penal Code § 647(b)(1), and is subject to 8 U.S.C. § 1226(c)(1)(A).  Doc. 10 at 2–3 (citing Doc. 10-2 at 5).[1]

But respondents' filings confirm that section 1226(c)(1)(A) is inapplicable in this case.  First, respondents fail to present any evidence that petitioner committed a crime.  Respondents' records do not show that petitioner has been convicted of a criminal offense.  *See* Doc. 10-2 at 5; Doc. 10 at 2; *see also* Doc. 1 at ¶ 6.  Respondents assert that petitioner was arrested at one point, but they admittedly "do not know the outcome of the case."  Doc. 10 at 2.  "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."  *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006).  Respondents have failed to establish any basis to believe that petitioner is subject to 8 U.S.C.

---

[1] Respondents also argue that, because 8 U.S.C. § 1361 places the burden of proof on noncitizens to show that they are "not inadmissible under any provision" of the immigration laws when making an "application for admission" or attempting to "enter the United States," petitioner has the burden to show that she is not subject to section 1226(c)(1)(A).  Doc. 10 at 2.  But that is incorrect.  "To comport with due process, the Government must show by a preponderance of the evidence that the detainee is properly included within § 1226(c) as both a factual and a legal matter." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 330–34 (3d Cir. 2021); *see also Tijani v. Willis*, 430 F.3d 1241, 1246 (9th Cir. 2005) (Tashima, J., concurring).

§ 1226(c)(1)(A).

Second, the immigration judge concluded that petitioner was subject to section 1225(b)(2)(A), *not* section 1226(c)(1)(A). *See* Doc. 10-3.

Third, the statute provides that an individual is subject to section 1226(c)(1)(A) if they are inadmissible under any provision of 8 U.S.C. § 1182(a)(2), but respondents' records show that petitioner has not been charged as inadmissible under section 1182(a)(2). Doc. 10-2 at 3.

Apart from this issue, respondents do not identify any distinctions between this case and the Court's prior cases and do not raise any new arguments. *See* Doc. 10. As respondents have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

The Clerk of Court is directed to serve this Order on California City Correctional Facility.

IT IS SO ORDERED.

Dated:    April 7, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief she seeks based on the Court's ruling on claim two.

3